UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                         Case No. 3:99-cr-740

         Plaintiff,

v.                                                      ORDER

Kendrea S. Boyd,

         Defendant.

        Defendant Kendrea Boyd, now known as Kendrea S. Steward, has filed a motion to expunge the record of her conviction in this case. (Doc. No. 23). Steward successfully completed her sentence and probation. She has provided recommendation letters, certificates of accomplishment, and evidence that she has not been charged with other offenses since her conviction in this case.

        Since her conviction, Steward has risen through the ranks in the auto and life insurance industry, from a role as a customer service representative to a position as a service operations supervisor. Steward desires to become the owner of an insurance agency, licensed by the State of Ohio.

        Steward also has started a non-profit organization through which she works to "encourage and empower women to be all they were created to be despite any past hurt, pain, disappointments or mistakes." (Doc. No. 23 at 1).

1

Steward's efforts to serve her community and her desire to provide a good example for her family are highly commendable. My interest in encouraging those efforts, however, is bounded by the limits placed upon my office as a United States District Judge.

A federal court "'possess[es] only that power authorized by Constitution and statute' and may not expand that power 'by judicial decree.'" *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The scope of circumstances in which a federal court may expunge a criminal record pursuant to a statute is extremely limited and does not encompass the type of relief Steward seeks. *United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014) (Federal law permits the expungement of certain DNA records and of criminal records in certain drug possession cases.).

More pointedly to the circumstances of Steward's motion, the Sixth Circuit has expressly held that a federal court does not have jurisdiction to consider a motion for expungement "grounded on purely equitable considerations – *e.g.,* motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities." *Id.* (citing *Lucido,* 612 F.3d at 874). Though I encourage Steward to continue her efforts, I lack the authority to provide the relief she seeks.

For these reasons, regretfully, I deny Steward's motion to expunge the record of her conviction for lack of jurisdiction. (Doc. No. 23).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

2